IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DORIAN ROWE AND DINA ROWE, | : | CIVIL ACTION NO. |
| | : | 1:13-CV-0827-TWT-JSA |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WRI CAPITAL GROUP, LLC as next friend Colfin-AL-GA 1, LLC, | : : | |
| | : | **FINAL REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Plaintiffs Dorian Rowe and Dina Rowe, proceeding *pro se*, seek leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. Plaintiff Dorian Rowe's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that she is unable to pay the filing fee or to incur the costs of these proceedings. Plaintiff thus satisfies the requirements of 28 U.S.C. § 1915(a)(1), and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action, and Plaintiffs shall be allowed to proceed without prepayment of a filing fee.

Under 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty

is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

For the reasons stated explained below, the undersigned finds this removal to be frivolous and thus recommends remand. Indeed, it appears that Plaintiffs are attempting to re-remove a case that the District Court has already remanded. The instant removal is as frivolous as the first and the case should be **REMANDED** again.

## I.     PROCEDURAL BACKGROUND

Plaintiff Dorian Rowe filed an application to proceed *in forma pauperis* with this Court on January 4, 2013. *See WRI Capital Group, LLC v. Rowe*, No. 1:13-CV-0037-TWT, Application [1]. Plaintiff there sought to remove to this Court Case No. 12-M-45878, a dispossessory proceeding from the Magistrate Court of Gwinnett County. *See id.*, Notice of Removal [1-1] at 5. The undersigned on January 18, 2013 issued a Report and Recommendation ("Report") recommending that the matter be remanded for lack of federal jurisdiction. *See id.*, Report and Recommendation [2]. The District Court adopted the Report [2] on February 19, 2013. *See id.*, Order [5].

Plaintiff neither objected to the Report [2] nor filed any challenge to the District Court's remand Order [5].

Plaintiffs filed the instant case on March 15, 2013 and base their claims on the same Gwinnett County action that formed the basis of the January 2013 action. *See* Complaint [1-1] at 9. As with the January 2013 case, Plaintiffs style this case as a removal of Case No. 12-M-45878 from the Magistrate Court of Gwinnett County. *See* Civil Cover Sheet [1-2] at 1 ("Origin - Removed from State Court"); *see also* Complaint [1-1] at 1 ("Notice of Removal of Action") and 5-6 ("Petition for Removal of Action"). Plaintiffs ask the Court to "set aside the illegal foreclosure sale [in question] and to suspend payments into the registry of the State Court of Gwinnett County. . ." Complaint [1-1] at 2. "Plaintiff [sic] further seeks [sic] an emergency temporary restraining order, a preliminary injunction, . . . and other necessary and proper relief." *Id.* While Plaintiffs bring claims in the instant action not included in the January 2013 case, the fact that Plaintiffs phrase their requests for relief in pressing, immediate terms convinces the Court that the instant case is effectively the same as the January 2013 case because the gravamen of both actions is a request to stop the dispossessory action in question.

## II.  DISCUSSION

The undersigned notes at the outset that the instant removal request is untimely. Plaintiffs seek removal of this action under 28 U.S.C. § 1446. *See id.* at 1. That statute obligates a defendant who seeks removal to file a notice of removal "within 30 days" of "receipt . . . of a copy of the initial pleading setting for the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446 (b)(1). Plaintiffs' Complaint [1-1] indicates that Plaintiff Dina Rowe was served with process on December 17, 2012. *See* Complaint [1-1] at 8. Plaintiffs therefore had to file their Notice of Removal no later than January 21, 2013. *See* 28 U.S.C. § 1446 (b)(1) and Fed. R. Civ. P. 6(d). Because Plaintiffs filed the instant action on March 15, 2013, their removal request is untimely and should be **REMANDED** to the Magistrate Court of Gwinnett County on that basis alone.

Moreover, even assuming *arguendo* that Plaintiffs' removal request is timely, the current Complaint [1-1] suffers from the same fatal defects as the January 2013 action.

As discussed above, Plaintiffs are attempting to remove an action that was filed against them in the Magistrate Court of Gwinnett County. *See* Civil Cover Sheet [1-2]

4

at 1 and Complaint [1-1] at 5-6, 8-9. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Plaintiffs in their Complaint [1-1] allege that Defendant violated 15 U.S.C. § 1692. *See* Complaint [1-1] at 3-5. Thus, Plaintiffs allege that this Court has subject matter jurisdiction over this case on the basis of a federal question. *See also* Complaint [1-1] at 2 (listing 28 U.S.C. § 1331 as a basis for jurisdiction).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995). Plaintiffs, however, do not contend that

5

Defendant asserted any federal claims in the underlying dispossessory action, and a review of the record does not indicate otherwise.

Instead, as explained above, Plaintiffs' Complaint[1-1] indicates that the action they seek to remove is a state court dispossessory action to evict Plaintiffs, apparently following a foreclosure. *See* Complaint [1-1] at 2-4. An eviction is a process governed by state law that does not typically implicate federal law. Plaintiffs have not identified in their Complaint [1-1] any federal question that Defendant's state court dispossessory action raises. To the extent that Plaintiffs are attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Plaintiffs have not alleged that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, either. Indeed, while Plaintiffs seek to sue WRI Capital Group, LLC ("WRI"), they provide no information as to WRI's citizenship in

6

either the Civil Cover Sheet [1-2] or in their Complaint [1-1]. Documents attached to Plaintiff's Notice of Removal state that WRI is also located in Georgia. *See* Notice of Removal [1-1] at 9. This fact would defeat diversity jurisdiction even if it were alleged. *See* 28 U.S.C. § 1367(c)(1).

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, while Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Gwinnett County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 21st day of March, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE